**R. E. BLANKS et al., Appellants,**

**v.**

**Earl DUNGAN et al., Appellees.**

**No. 7430.**

Court of Civil Appeals of Texas.
Beaumont.

Jan. 18, 1973.

W. R. Malone, Huntsville, for appellants.

James E. Faulkner, Coldspring, for appellees.

DIES, Chief Justice.

By general warranty deed dated February 13, 1969, Lake Livingston Properties,

Inc., through its president, Earl Dungan, conveyed a tract of land in San Jacinto County to the Trinity River Authority of Texas (hereinafter T.R.A.). The deed contained the following reservation:

"The grantor herein RESERVES unto itself, its successsors and assigns, all oil, gas and other fluid or gaseous minerals in, under and that may be produced from the above described land, together with the right of ingress and egress for the purposes of exploring, drilling for, developing and producing the same, subject and subordinate however to the right of grantee to construct, maintain and operate on and over the above described land, or adjacent thereto, a reservoir for impounding water. Grantor further reserves unto itself, its successors and assigns, the right to take, from time to time, earth and dirt from below 135 feet, mean sea level, for the purpose of filling and bulk-heading adjacent property or for boat channels; . . . ."

Lake Livingston Properties, Inc., dug a fifty foot wide boat channel through this property which connects with a creek running into Lake Livingston. This channel was completed after execution of the deed.

R. E. Blanks owns property adjoining this tract conveyed to T.R.A. and brought this suit below as plaintiff, seeking an injunction to prevent Lake Livingston Properties, Inc., and its president Dungan from denying him egress and ingress across the T.R.A. property or the canal.

After a jury trial, the court ordered "that the defendants Earl Dungan and Lake Livingston Properties, Inc., their employees, servants and agents, be, and they are hereby perpetually restrained and enjoined from erecting any signs or other unnecessary obstructions to navigation in the Bed of said canal, for all of which, let writ of injunction issue."

Blanks perfects this appeal contending this judgment is insufficient to give him the relief sought, namely free access across the T.R.A. property and the canal in question. There is testimony in the record that appellee, Lake Livingston Properties, Inc., extended or rebuilt an old fence across the T.R.A. property which would deny or hamper Blanks' egress across it. And appellees admit they have no intention of allowing appellants access to or ingress on the canal.

■ It is clear that the general warranty deed to T.R.A. conveyed to it the fee title and the reservation of grantor (appellees) was no more than a right to use earth and dirt "for the purpose of filling and bulk-heading adjacent property or for boat channels." Neither the title nor exclusive right of possession and use of the canal was reserved by grantors. And most certainly they have no right to erect or maintain a fence on property owned by another or in anywise deny access to or ingress on land which they do not own or have legal control over. T.R.A. was not a party to this suit and there was no showing that the appellees, in excluding appellants from T.R.A. property, were acting pursuant to authority conferred by T.R.A.

In San Antonio Bar Ass'n v. Guardian Abstract & Title Co., 156 Tex. 7, 291 S. W.2d 697, 702 (1956), it was said:

"But obviously the injunction must be in broad enough terms to prevent repetition of the evil sought to be stopped, whether the repetition be in form identical to that employed prior to the injunction or (what is far more likely) in somewhat different form calculated to circumvent the injunction as written."

See also Griffith v. Mauritz, 308 S.W.2d 599 (Tex.Civ.App., Houston, 1957, no writ).

■ The judgment here prohibiting appellees from erecting "any signs or other unnecessary obstructions to navigation in the Bed of said canal" is not broad enough to give appellants the relief they sought and are entitled to have.

We therefore sustain appellants' points of error one and two and remand this cause to the trial court with instructions to enjoin and restrain Lake Livingston Properties, Inc., its agents, servants and employees, from in anywise denying or obstructing access to appellants to the property of T.R.A. involved herein, including the canal in question, and from erecting any fence or other barrier to the public on this land, including the canal involved. The injunction which we order will be without prejudice to the rights of T.R.A., the lawful owner of the premises.

Reversed and remanded with instructions.